## THE E. M. NORTON and barges.*

*(Circuit Court, E. D. Louisiana.* January, 1883.)

1. COMMON CARRIER—NEGLIGENCE OF LICENSED PILOT.
    For negligence or want of skill the owner or boat is responsible, although a licensed pilot was the real delinquent.
2. SAME—NEGLIGENCE.
    The result is a safe criterion by which to judge of the character of the act which has caused it.

*Reported by Joseph P. Hornor, Esq, of the New Orleans bar.

**3. SAME—BURDEN OF PROOF.**

When the evidence does not explain (to a degree sufficient to fix responsibility) the cause of the loss of a vessel, the case should be decided upon the general principles governing such cases. Non-delivery of goods shipped raises the presumption of negligence on the part of the carrier, and, in an action for them, the burden is on the carrier to show good excuse for the non-delivery, and, if he fail to do so, he must be held liable.

Gordon & Gomilla shipped in January, 1880, a large lot of corn by the St. Louis & New Orleans Navigation Company barge, Sallie Pearce, from St. Louis to New Orleans. The barge was one of four barges, composing the tow of the steam-boat E. M. Norton. The tow proceeded down the river without accident to near Cairo, Illinois, when, in passing across the point behind Willow bar, one of the barges, the Moore, was run aground with such force as to part her lines, open her seams, and tear her loose from the tow. No damage was apparently done to the other barges. After some attempt to get the Moore off, and failing, the other barges, including the Pearce, were towed to the Missouri shore and landed at Bird's Point, where they were left moored to the bank, while the Norton returned to the Moore to get her off and save the cargo. Shortly after the Pearce was landed she was observed to be leaking, and, in spite of the efforts made by the two men left in charge of the barges, she soon listed and sunk, a total loss.

The Hibernia Insurance Company, insurer of half the value of the cargo, and subrogated to the demands of Gordon & Gomilla, bring this libel to recover the one-half the cargo, less freight.

*Thomas Gilmore, John A. Gilmore, Samuel L. Gilmore, Joseph C. Gilmore,* and *O. B. Sansum,* for libelant.

*John A. Campbell* and *J. Ward Gurley, Jr.,* for claimant.

PARDEE, J. The evidence in this case shows that the barge Sallie Pearce was apparently seaworthy when she started on her voyage. She had been repaired at large expense about one year previous.

The defense that she was landed at Bird's Point against "an unknown and unseen root of a tree," which, by the barge pressing against with her side, "caused her side to be pressed in and produced the leak from which the barge was sunk," is entirely unsupported by the evidence. In fact, the evidence shows that the Sallie Pearce was not moored next to the bank, but a barge intervened, and that the depth of water where she sunk was 40 or 50 feet, completely negativing the theory that her side was pressing an uncovered root of a tree depending to the bank. If the barge was seaworthy, and she was not injured while lying at Bird's Point, the presumption is

that she was injured and set aleak by the shock and strain resulting from the grounding of the barge Moore, which appears to have been very violent,—so violent that the Moore was torn loose from the tow, and run 80 feet into and over the bank.    And if the evidence gives any reason for the leaking of the Pearce which resulted in her loss, the grounding of the Moore, and the injuries resulting therefrom, is the reason.

The evidence shows that the grounding of part of the tow was from attempting to take the tow across the point behind Willow bar instead of following the channel of the river.    This was done by the pilot over the objection of the master.    In my opinion, based on the evidence, it was negligence to take that course.    If it was not negligence, then the handling of the tow and barges was unskillful.

There may be cases, and I think this is one, in which "the result is a safe criterion by which to judge of the character of the act which has caused it."    See *The Webb*, 14 Wall. 406.    For this negligence or want of skill the owner or boat is responsible, although a licensed pilot was the real delinquent.    See *The China*, 7 Wall. 67; *The Merrimac*, 14 Wall. 199; *Sherlock* v. *Alling*, 93 U. S. 105.    But, in fact, the evidence does not explain (to a degree sufficient to fix responsibility) the cause of the loss of the Sallie Pearce, and the consequent loss of libelant's goods.    The case should, therefore, be decided upon the general principles governing such cases, instead of upon any particular case or state of facts as proved.

The claimant was a common carrier for hire.    Non-delivery of the goods shipped raises the presumption of negligence on the part of the carrier.    See *Nelson* v. *Woodruff*, 1 Black, 156.

In an action for goods not delivered, the burden is on the carrier to show good excuse for the non-delivery.    The carrier, having failed in this case to excuse himself, must be held liable.

The decree of the district court was correct, and the same, less some interest which libelants remit, should be entered in this court. Let a decree be entered for the libelants in the same terms as that of the district court, except that interest shall commence to run from January 1, 1881, instead of from judicial demand and for all costs.